THE PEOPLE, RESPONDENT, *v.* GESTERA, APPELLANT.

APPEAL from the District Court of San Juan, Section 2.

No. 512.—Decided January 23, 1913.

CRIMINAL LAW—SANITARY REGULATIONS—RAT-PROOFING HOUSES—INFORMATION,
    INSUFFICIENT.—The information is insufficient because it does not state
    whether the house which is said to be the property of the accused and
    wherein the repairs were ordered by the Director of Sanitation, is a dwelling
    with the ground floor of wood· or a building used as a market, warehouse,
    storehouse, bakery, pastry or canning factory, distillery, confectionery store,
    grocery, wine cellar, pier, hotel, restaurant, café, eating house or booth;
    which allegation is necessary in this case in order to show a violation of
    Sanitary Regulation No. 3. Decided on the grounds of the opinion delivered
    in Case No. 496, *The People* v. *Blanco,* 18 P. R. R., 980.

The facts are stated in the opinion.
*Mr. Charles E. Foote, fiscal,* for The People.
The appellant did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This case originated in the District Court of San Juan, Section 2, by an information sworn to, signed and filed by the district *fiscal* on October 1st of last year, the pertinent part of which reads as follows:

"The *fiscal* files an information against Teótimo Gestera for the violation of Sanitary Regulation No. 3 governing the construction and rat-proofing of buildings and their outhouses, promulgated according to law on July 15, 1912, said Gestera thereby committing a misdemeanor in the following manner: The said Teótimo Gestera, on or about August 9, 1912, in Puerta de Tierra, which forms part of the judicial district of San Juan, was served by Sanitary Inspector J. A. Torres with an order of the Director of Sanitation directing him to proceed within two days from the date of the notice to make the following repairs to a frame building belonging to him situated on San Agustín Street, Puerta de Tierra, and marked by the Board of Sanitation with the number 10, to wit: To raise the house to a height of two feet above the ground or surround it with concrete walls extending from two feet below the surface of the ground to the floor of the house and fitting perfectly with said floor. No excavations under the house will be allowed. The said Teótimo Gestera unlawfully and wilfully allowed the time given him to elapse and up to this date has not made any of the repairs ordered. This is contrary to the law for such case made and provided and against the peace and dignity of The People of Porto Rico. (Signed) J. Sifre, District *fiscal*."

The trial having been held, the court rendered judgment on October 7, 1912, finding the defendant guilty and sentencing him to pay a fine of $25 and in default thereof to serve one day in jail for each dollar unpaid without costs, from which judgment the defendant appealed to this court.

After examining the information in connection with Sanitary Regulation No. 3, alleged to have been violated, we do not find that said regulation has been violated by the acts set forth in the information, for it fails to state whether the frame house said to belong to Gestera, the object of the re-

pairs ordered by the Director of Sanitation, is a dwelling house with a wooden lower floor or a building used as a market, warehouse, storehouse, bakery, pastry or canning factory, distillery, confectionery store, grocery, wine cellar, pier, hotel, café, restaurant, eating-house or booth, which allegation is necessary in one way or another in order that we may ascertain whether the order served on Gestera by Sanitary Inspector J. A. Torres was lawful and conformed to the provisions of the sanitary regulation referred to and, therefore, should have been obeyed.

In view of the fact that the information does not show that the order which the defendant refused to comply with was a lawful and valid one, inasmuch as the elements necessary to determine its legality were omitted, it is impossible to decide that the defendant was obliged to comply with it, our conclusion, therefore, is that the charges made in the information do not constitute an open violation of Sanitary Regulation No. 3.

We have already established this same doctrine in case No. 496, *The People* v. *Blanco,* 18 P. R. R., 980, and have followed it in cases Nos. 508 and 511, *The People* v. *Gestera, ante* pp. 7, 17, and in case No. 510, also *The People* v. *Gestera, ante* p. 30, as well as in case No. 509, *The People* v. *Gestera, ante* p. 38.

The judgment should be reversed and the information dismissed.

*Reversed.*

Justices MacLeary, del Toro and Aldrey concurred.

Mr. Justice Wolf did not take part in the decision of this case.